UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| BARRY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-10508-LTS |
| | ) | |
| TOWN OF BELMONT AND RICHARD | ) | |
| J. MCLAUGHLIN, INDIVIDUALLY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER ON DEFENDANTS' MOTION TO DISMISS (DOC. NO. 19)

November 23, 2015

SOROKIN, J.

After a hearing on this Motion, the Court, while reserving on four issues, expressed in open court its tentative ruling on the Motion to Dismiss. The Court now DENIES the Motion to Dismiss for the reasons explained in open court, except that it is ALLOWED (as conceded) to the extent that the employment discrimination claims encompass alleged misconduct dating back more than 300 days prior to the date of administrative filing. The four issues do not change this ruling. As to those issues, the Court explains its reasons below.

1. The Court DENIES the motion to dismiss Count III, the Chapter 151B claim against the Chief as the language of M.G.L. ch. 151B, § 4(1) encompasses a discriminatory reference (or non-reference) as a term or privilege of employment issued after the end of employment on the reasoning set forth in Robinson v. Shell Oil Co., 519 U.S. 337, 341-42, 345 (1997), Psy-Ed Corp. v. Klein, 947 N.E.2d 520, 531 (Mass. 2011), and Tyree v. LaHood, No. 12-11605-RWZ, 2013 WL 1819617, at * 4.

2. The Court DENIES the motion to dismiss Count VII against the Town as the Chief, at least for purposes of this stage of the proceedings, qualifies as a policymaker under Monell.  See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988); Pembaur v. City of Cincinatti, 475 U.S. 469, 481 (1986); Small v. City of Belfast, 796 F.2d 544, 553 (1st Cir. 1986).

3. The Court DENIES the motion to dismiss the claims arising from alleged racial discrimination.  Although close, taking the Complaint as true, Ward has alleged (with some specificity) that the Chief was his supervisor and manager, that he (Ward) suffered a range of racial discrimination while working on the police force, and that both the reference issued and failure to issue other reference information occurred due to racial discrimination.  Some of this discrimination, by its nature, implicates the Chief.  On the limited review at this stage of the proceedings, Ward has plausibly alleged the discrimination.

4. The Court DENIES the motion to dismiss Counts I, II, and III as the references not issued could constitute adverse employment actions under either state or federal law. To constitute adverse employment actions, actions must materially change the conditions of plaintiffs' employment.  Gu v. Boston Police Dep't, 312 F.3d 6, 14 (1st Cir. 2002).  Inaction, such as a failure to hire, failure to promote, and toleration of harassment by other employees, may materially change the conditions of employment, and thus may be actionable as an adverse employment action. Hernandez-Torres v. Intercontinental Trading, Inc., 158 F.3d 43, 47 (1st Cir. 1998); Sensing v. Outback Steakhouse of Florida, LLC, 575 F.3d 145, 157 (1st Cir. 2009) (broadly defining an adverse employment action under Chapter 151B to include any

material disadvantage in respect to any objective terms and conditions of employment). Another session of this Court has said, in dicta, "that withholding a letter of reference is a material adverse action." Tyree, 2013 WL 1819617, at * 5. The Court therefore rejects the Defendants' argument that Counts I, II, and III must be dismissed because the failure to provide employment references cannot constitute an adverse employment action.

* * *

For the foregoing reasons, the Motion to Dismiss is DENIED. The Clerk shall schedule a Rule 16 conference forthwith.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge